**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MAEGEN MORRISON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>KG MINING (BALD MOUNTAIN) INC., a Delaware corporation doing business in Nevada; DOES 1-10, as individuals and ROES 1-10 as entities,<br><br>　　　　Defendants. | Case Number<br>3:23-cv-00586-MMD-CSD<br><br><br><br>**STIPULATED PROTECTIVE ORDER** |

　　　　Pursuant to Fed. R. Civ. P. 26(c), each party and each Counsel of Record stipulate and move the Court to enter the following Protective Order concerning the treatment of Confidential Information (as hereinafter defined):

　　　　1.　　In this action, at least one of the Parties has sought and/or is seeking CONFIDENTIAL Information (as defined in paragraph 4 below). The Parties also anticipate seeking additional CONFIDENTIAL Information during discovery and that there will be questioning concerning CONFIDENTIAL Information in the course of depositions. At least one of the Parties asserts the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

　　　　2.　　This Protective Order shall apply to all documents, materials, and information produced by either party and their agents, employees, insurance companies and their agents and employees, attorneys, accountants, investigators, and anyone else acting on their behalf in response to any discovery request or disclosure requirement, including without limitation, documents produced and all other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure that are labeled "CONFIDENTIAL" as further described below.

#11138405v1

     3.     As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

     4.     In producing responsive documents, the disclosing party shall designate the information or documents as "CONFIDENTIAL Information" - which constitutes:

     5.     CONFIDENTIAL Information shall not, without the consent of the disclosing party, be disclosed, except that such information may be disclosed to: (a) attorneys actively working on this case; (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; (c) the parties, including their designated representatives; (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case; (e) the Court and its employees ("Court Personnel"); (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; (g) deponents, witnesses, or potential witnesses; (h) insurance carriers for the parties; and (i) other persons by written agreement of the parties.

     6.     Any information designated as CONFIDENTIAL must first be reviewed by an attorney who certifies that the designation is based on a good faith belief that the information is entitled to such protection.

     7.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

     8.     No copies of CONFIDENTIAL Information shall be made except by or on behalf of counsel in this litigation, and such copies shall be made and used solely for purposes of this litigation.

     9.     In the event that CONFIDENTIAL Information is inadvertently produced without designating such documents or information "CONFIDENTIAL," the parties claiming

#11138405v1

confidentiality shall properly designate such documents or information as "CONFIDENTIAL," and the other party shall be bound by such designations pursuant to the terms of this Protective Order, but shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such CONFIDENTIAL Information that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as "CONFIDENTIAL" shall not be deemed a waiver, in whole or in part, of a party's claim to confidentiality of such documents or information, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.  If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provision of this Order.

      10.    Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designations shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions on a page and line basis as "CONFIDENTIAL" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

      11.    Subject to any contrary requirements of the Court, all documents marked as CONFIDENTIAL Information filed with the Court shall be filed electronically as a restricted exhibit pursuant to the Court's electronic filing procedures. *See* LR IC 1-1(i)(3). The parties may also file documents containing CONFIDENTIAL Information without restricting access if the CONFIDNETIAL Information is redacted.

      12.    In the event CONFIDENTIAL Information is used in any court filing or proceeding in this action, including, but not limited to, its use at trial, it shall not lose its confidential status as between the parties through such use.

#11138405v1

13. A party may object to the designation of particular information as CONFIDENTIAL by giving written notice to the party designating the disputed information within 6 thirty (30) days of receipt of the CONFIDENTIAL Information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) business days after the time the written objection is made, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. Such a motion must be filed within 21 days after the other party made its written objection. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated as "CONFIDENTIAL" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL."

14. Restrictions on disclosure of CONFIDENTIAL materials. Except with written prior consent of all parties and except as provided elsewhere in this Order, all materials produced in this suit that are designated "CONFIDENTIAL" shall be used solely for the preparation and trial of this suit (including any appeals and retrials), and shall not be used for any other purpose, including business, governmental, or commercial, or in any other administrative, arbitration, or judicial proceedings or actions. Materials designated "CONFIDENTIAL" and all information in them may not be disclosed, divulged, revealed, described, paraphrased, quoted, transmitted, disseminated, or otherwise communicated to any person other than:

    a. The parties to this litigation or Court personnel;

    b. Counsel for parties in this suit;

#11138405v1

    c.    Secretaries, paralegals, assistants, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit;

    d.    Actual or potential deposition or trial witnesses to testify concerning this suit; and

    e.    Outside consultants and experts retained for the purpose of assisting counsel and the parties in the prosecution and/or defense of this suit.

15.    Certification of Compliance. No person shall be authorized to receive access to "CONFIDENTIAL" materials under the terms of this ORDER (except persons identified in subparagraphs (a)-(e) of paragraph 14) until such person has read this Order and agreed in writing to be bound by it pursuant to the form attached to the Order as Exhibit A. These agreements shall be maintained by counsel for the parties and made available upon order of the Court to any party.

16.    If any party or person subject to this Protective Order receives a court order, subpoena, or other process demanding production of information designated as CONFIDENTIAL, that person or party shall immediately notify the attorneys of the designating party of the documents sought by the subpoena or other process or order, shall furnish those attorneys of record with a copy of the subpoena or other process or order, and shall not interfere with respect to any procedure sought to be pursued by the designating party whose interests may be affected. The designating party shall have the burden of defending against the subpoena, process, or order. After such notice and the passage of at least seventy-two (72) hours or designated time for production the party served with the order, subpoena or other process shall comply with his or her legal obligation to produce such documents, except to the extent the designating party has obtained an order modifying, staying, or quashing the order, subpoena or other process.

17.    Given the low threshold for designating information or documents as "CONFIDENTIAL Information" under Paragraphs 4 and 6, this Protective Order shall not impede or frustrate a receiving party's use of such information or documents before this Court in the course of this action to prosecute its claims or defenses. If a party making a designation of

"CONFIDENTIAL Information" wishes to limit public access to these judicial proceedings, it shall be the burden of such designating party to separately move the court to restrict public access.

18. At the conclusion of this case, copies of CONFIDENTIAL documents that are not needed to be maintained to comply with internal company retention policies, DOI retention requirements or legal obligations should be returned to the disclosing party or destroyed in such a manner as to not be recoverable.

19. Nothing contained in this Order, nor any action taken in compliance or pursuant to it, shall operate as an admission by any party that a particular document or information (1) is, or is not, confidential; (2) is, or is not, admissible into evidence for any purpose; and (3) is, or is not, subject to inclusion in any "administrative record" filed in this case.

20. This Protective Order may be modified by this Court at any time for good cause shown, following notice to all parties and an opportunity for them to be heard.

So Ordered this 10th day of July, 2024.



U.S. MAGISTRATE JUDGE

#11138405v1

**STIPULATED AND AGREED:**

Date: July 10, 2024                    Respectfully submitted,

**W&D LAW LLP**                         **ASCENT LAW, PC**

By:     /s/ *John T. Wendland*          By:     /s/ *Emily Hobbs*
        John T. Wendland                        Emily Hobbs (admitted *pro hac vice*)
        jwendland@wdlaw.com                     emily@ascent-employmentlaw.com
        861 Coronado Center Drive,              6130 S. Oswego Street
        Suite 231                               Greenwood Village, CO 80111
        Henderson, NV 89052                     T: 720.933.0765
        T: 702.314.1905

Attorneys for Defendant KG MINING (BALD MOUNTAIN) INC.

**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES**

By:     /s/ *Lisa A. Rasmussen*
        Lisa A. Rasmussen
        lisa@veldlaw.com
        550 E. Charleston Blvd., Suite A
        Las Vegas, NV 89104
        T: 702.222.0007

Attorneys for Plaintiff MAEGEN MORRISON

7

#11138405v1

**EXHIBIT A**

**AFFIDAVIT**

I, _____, swear or affirm and state under penalty of perjury:

I have read the Protective Order in *Maegan Morrison v. KG Mining (Bald Mountain) Inc. et al.*, 3:23-cv-00586-MMD-CSD, a copy of which is attached to this Affidavit.

I have been informed by _____, counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

I promise that I have not and will not divulge, or undertake to divulge, to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:

_____

_____

_____

Telephone No.: (\_\_\_\_\_)

#11138405v1