# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MAEGEN MORRISON,

    Plaintiff

v.

KG MINING (BALD MOUNTAIN) INC., a Delaware corporation doing business in Nevada, DOES 1-10, as individuals, and ROES 1-10, as entities,

    Defendants

Case No.: 3:23-cv-00586-MMD-CSD

**Order**

Re: ECF Nos. 48, 49

On September 11, 2024, Defendant KG Mining (Bald Mountain) Inc. filed a motion to disqualify Plaintiff's counsel and request for a hearing, arguing that Plaintiff's counsel improperly had *ex parte* communication with a former human resources manager of Bald Mountain and obtained attorney-client privileged information which was then divulged as part of Plaintiff's supplemental disclosures. (ECF No. 47.) Defendant filed a notice of *in camera* submission of the declaration of Patrick D. Herman, the human resources manager who is alleged to have provided a declaration to Plaintiff's counsel. (ECF No. 48.) The declaration was filed with the court at ECF No. 49. Defendant's counsel, Ms. Hobbs, called the Clerk's Office and stated that ECF No. 49 should not be viewed by the public and requested that action be taken by the Clerk's Office. The Clerk's Office temporarily restricted the viewing of ECF No. 49 as "private."

Defense counsel failed to comply with the Local Rules for the District of Nevada with respect to the filing of ECF No. 49. An *in camera* submission is one that is viewed only by the

court and not by opposing parties or the public. *In Camera* submissions are governed by Local Rule IA 10-4, which provides that papers submitted for *in camera* inspection must **not** be filed with the court, but must be delivered to chambers of the appropriate judge, and shall include a captioned cover sheet complying with Local Rule IA 10-2 indicating that the document is being submitted *in camera* and must be accompanied by an enveloped large enough for the *in camera* papers to be sealed without being folded. A notice of *in camera* submission must also be filed. LR IA 10-4.

      Defense counsel filed a notice of *in camera* submission, but counsel also filed with the court the document Defendant presumably seeks for the court to inspect.

      Sealed documents, which are sealed from the *public*'s view, alternatively, are governed by Local Rule IA 10-5. Papers filed with the court under seal must be accompanied by a motion for leave to file those documents under seal, and must have a certificate of service that the sealed document was served on the opposing counsel or pro se parties in accordance with Local Rule IC 4-1(c) or an affidavit showing good cause why the document has not been served on opposing counsel or pro se parties.

      Here, since Plaintiff produced the declaration to Defendant in supplemental disclosures, it appears that Defendant should have followed the procedure for filing a document under seal so that it is not viewable by the public, but is served on opposing counsel.

      Defendant has **10 days** from the date of this Order to file a motion for leave to file the declaration of Mr. Herman under seal. The motion must address the appropriate standard—"good cause" or "compelling needs"—discussed in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016).

ECF No. 49 shall remain **PROVISIONALLY SEALED** until the court has made a determination on the motion for leave to file the declaration under seal.

If Defendant fails to timely file a motion for leave to file the declaration under seal, the court will direct the Clerk's Office to unseal the declaration.

**IT IS SO ORDERED**.

Dated: September 17, 2024

_____
Craig S. Denney
United States Magistrate Judge